UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSEPH KAPCHUS, and VYTIS
HOLDINGS LLC,

        Plaintiffs,

v.

ETSY, INC., and TRAN MAI ANH,

        Defendants.

**MEMORANDUM & ORDER**
22-cv-4453 (HG) (LB)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff Joseph Kapchus ("Plaintiff") filed this action *pro se* on July 25, 2022, alleging copyright infringement pursuant to 17 U.S.C. § 106 and naming himself and his purported company "Vytis Holdings LLC" as plaintiffs. However, according to the Certificate of Registration attached to his complaint, Plaintiff does not own the copyright in his own name – it is registered to a company named "Vytis Unlimited Ventures LLC." ECF No. 1 at 8, Exh. A. Therefore, for the reasons set forth below, the action cannot proceed as currently filed and Plaintiff is granted 60 days leave to: (i) obtain counsel to represent Vytis Unlimited Ventures LLC, (ii) pay the filing fee, and (iii) amend his complaint to include Vytis Unlimited Ventures LLC as a plaintiff.

**DISCUSSION**

    Plaintiff alleges in his complaint that Defendant Tran Mai Anh owns a shop named DawnGirlShopart and is selling "his copyrighted artwork (Copyright Registration Number VA 2-281-518) . . . on Etsy.com for profit." ECF No. 1 at 5. However, according to the Certificate of Registration, the owner of the copyright is a company named Vytis Unlimited Ventures LLC

("Vytis"), which is not listed as a plaintiff in this action. *See* ECF No. 1 at 1, 8. Plaintiff must file an amended complaint to include Vytis as a plaintiff in order to proceed with this action. *See* Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest.").

Moreover, Plaintiff has not alleged that he is a licensed attorney. As a non-attorney *pro se* litigant, Plaintiff may not litigate on behalf of Vytis and Vytis may not proceed *pro se* (i.e., without legal counsel) in this action. The federal statute governing appearances in federal court permits an individual to proceed *pro se* but does not authorize a *pro se* individual to appear on behalf of a corporation. *See* 28 U.S.C.A. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("[L]ower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney") (citations omitted); *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself."); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause.").

Further, it is well-settled that a layperson may not represent a corporation in which he is the sole shareholder, a limited liability company of which he is the sole member, or a partnership where he is a partner. *See Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) ("The rule that a corporation may litigate only through a duly licensed attorney is venerable and widespread."); *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 133 (2d Cir. 2009)

(citing to *Jones*). A *pro se* plaintiff may not pursue claims that belong to a corporation, regardless of whether the corporation has assigned its claims to the plaintiff. *Jones*, 722 F.2d at 22–23 (affirming dismissal where *pro se* non-attorney claimed that a corporation had assigned its claims to him); *Sanchez v. Walentin*, 526 F. App'x 49, 51 (2d Cir. 2013) (summary order) (citing to *Jones*). In this action, because Plaintiff is unrepresented and is not an attorney, he cannot represent Vytis, which owns the copyright that is the subject of this action. In addition, Plaintiff cannot request *in forma pauperis* status on behalf of his LLC. *See McCaffrey v. Gatekeeper USA, Inc.*, 14-cv-493, 2022 WL 2668257, at *1 n.1 (S.D.N.Y. July 11, 2022) (quoting *Rowland*, 506 U.S. at 197 ("[O]nly a natural person may qualify for treatment *in forma pauperis* under § 1915.")).

## **CONCLUSION**

Accordingly, Plaintiff's *in forma pauperis* application is denied. In order to proceed with this action, Plaintiff must obtain counsel within 60 days of the date of this Order to represent Vytis, pay the $402.00 filing fee to the Clerk of Court and amend his complaint to include Vytis as plaintiff. The amended complaint should be captioned, "Amended Complaint" and bear the same docket number as this Order, 2:22-CV-4453 (HG) (LB). The amended complaint will replace the original complaint. That is, the amended complaint must stand on its own without reference to the original complaint.

All further proceedings will be stayed for 60 days. If Plaintiff fails to comply with this Order within the time allowed, the action will be dismissed without prejudice. The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

For information regarding court procedures, Plaintiff may contact the Pro Se Office at the United States Courthouse by calling (718) 613-2665.

SO ORDERED.

/s/ *Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
August 24, 2022